IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| LARRY M. MAYFIELD | § | |
| VS. | § | CIVIL ACTION NO. 9:15-CV-145 |
| ADMINISTRATIVE SEGREGATION SECURITY, ET AL. | § | |

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Larry M. Mayfield, a prisoner previously confined at the Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Administrative Segregation security staff, the Administrative Grievance Department, Stephen Bryant, Erma Fernandez, Edward Sells, Kevin Langford, Cristin L. Boykin, G. Brandon, Gilbert Rodriguez, Frank Rigsby, Eric Lane, Thomas Austin, Nicholas Roby, Mohamed Touhami, Dana K. Bette, Philip K. Whigham, John Kuykendall, Tiffany Hadnot, William Edding, and Joe S. Collins.

The court ordered that this matter be referred to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends dismissing the action with prejudice pursuant to 28 U.S.C. § 1915(e).

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit. Plaintiff reiterates claims raised in his original and amended pleadings. For the reasons stated in the Magistrate Judge's report and recommendation, those objections lack merit. Plaintiff also alleges his discrimination claim is meritorious because he is part of a group of offenders singled out for more frequent searches because of their security classification. In support of this claim, plaintiff alleges another inmate with a higher security classification is not subjected to daily searches. However, in a grievance attached to his original complaint, plaintiff states that the higher security inmate is confined in a special cell with additional security devices. Therefore, the discrimination claim lacks merit because the inmates are not similarly situated. *See Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 336 (5th Cir. 2009) (To establish a violation of the Equal Protection Clause, the plaintiff must allege purposeful discrimination, which resulted in a discriminatory effect among similarly situated individuals.)

## **ORDER**

Accordingly, plaintiff's objections (document no. 17) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge (document no. 15) is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation.

So **ORDERED** and **SIGNED** this **29** day of **December, 2016.**

_____
Ron Clark, United States District Judge